IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KNOLL, INC.,<br>1235 Water Street,<br>East Greenville, PA, 18041,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>BELNICK, INC. D/B/A<br>FLASH FURNITURE,<br>4350 Ball Ground Highway,<br>Canton, GA 30114,<br><br>　　　Defendant. | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br><br>No. |

## VERIFIED COMPLAINT

Plaintiff Knoll, Inc. ("Knoll"), by its undersigned counsel, files this Complaint against Defendant Belnick, Inc. d/b/a Flash Furniture ("Flash Furniture") for patent infringement and unfair competition, and avers as follows:

### PRELIMINARY STATEMENT

1. Knoll is the worldwide, exclusive sub-licensee (excluding Asia (except for Japan), Australia, and New Zealand) of the intellectual property rights to use and enforce the Patent No. D638,232 S (the "'232 Patent"), a true and correct copy of which is attached as **Exhibit A**. The MultiGeneration by Knoll Stacking Base Chair (the "MultiGeneration Chair") is the subject of the '232 Patent, which claims exclusive rights to the chair design therein. Knoll pays royalties for the right to use this design, and has enjoyed great success for this product.

2. Defendant Flash Furniture is seeking to piggy-back off of Knoll's proprietary and patent-protected design by marketing, promoting, and selling through its own website and through other national retailers, such as Sears, Staples, and Amazon substantially similar chairs,

1

known as the Hercules Series 770 lb. Capacity Designer Stack Chair with Frame (the "Hercules Series 770 Designer Chairs"). Flash Furniture's infringement is causing Knoll immediate and irreparable harm, and must be enjoined.

## THE PARTIES

3. Plaintiff Knoll is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1235 Water Street, East Greenville, Pennsylvania, 18041.

4. Upon information and belief, Defendant Belnick, Inc. d/b/a Flash Furniture is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 4350 Ball Ground Highway, Canton, Georgia 30114, and has committed acts of infringement in this judicial district and is subject to personal jurisdiction in this district.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code, and thus subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1338, and 35 U.S.C. § 281. Subject matter jurisdiction further exists pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391.

## BACKGROUND

7. Knoll is a leading designer and manufacturer of branded furniture.

8. One such example of a Knoll proprietary design is the MultiGeneration Chair.

9. The MultiGeneration Chair is the subject of the '232 Patent, which claims exclusive rights to the chair design therein.

10. The '232 Patent is owned by Formway Furniture Limited, based in Wellington, New Zealand, and to which patent, Formway Furniture Limited has granted to Formway Design Studio Limited, also based in Wellington, New Zealand, an exclusive, irrevocable, perpetual license (including the right to sub-license).

11. Knoll is the exclusive sub-licensee of the '232 Patent worldwide to manufacture, distribute, promote, use, and supply the product covered by the '232 Patent—excluding New Zealand, Australia, and Asia (except for Japan)—pursuant to a certain sub-license agreement among Formway Furniture Limited (the owner), Formway Design Studio Limited (the exclusive licensee), and Knoll (as the exclusive sub-licensee) (the "Exclusive Sub-License Agreement").

12. Knoll pays royalties for the right to use this design, and has enjoyed great success for this product.

13. Pursuant to the Exclusive Sub-License Agreement, Knoll has the right to take action against any third party in its Exclusive Territory in the event of any infringement or potential infringement of the '232 Patent.

14. Upon information and belief, Defendant Flash Furniture has advertised and offered for sale, and sold the Hercules Series 770 Designer Chairs on its website at http://www.flashfurniture.com/.

15. The Hercules Series 770 Designer Chairs are substantially similar to Knoll's MultiGeneration Chair, which is the exclusive design claimed in the '232 Patent.

16. Upon information and belief, in addition to selling the Hercules Series 770 Designer Chairs on its website, Flash Furniture has promoted, marketed, and/or sold the Hercules Series 770 Designer Chairs nationwide and in this district through retailers and these retailers'

websites, including, but not limited to, Staples, The Simple Stores, Houzz Inc., Sears, Walmart, bizchair.com, and Amazon.

## COUNT I — PATENT INFRINGEMENT

17. Knoll hereby incorporates by reference all preceding paragraphs of this Complaint as though the same were set forth at length herein.

18. Upon information and belief, Defendant Flash Furniture has infringed and continues to infringe, the '232 Patent, by, *inter alia*, making, using, offering for sale, selling, importing, distributing, marketing, and/or advertising the Hercules Series 770 Designer Chairs in the Eastern District of Pennsylvania and elsewhere in the United States.

19. Defendant Flash Furniture has infringed and continues to infringe the '232 Patent, by, *inter alia*, practicing the design claimed in the '232 Patent.

20. Flash Furniture has sold at least the following models of the Hercules Series 770 Designer Chairs that infringe the '232 Patent: rut-358-bk-gg; rut-358-gn-gg; rut-358-or-gg; and rut-358-yl-gg.

21. Knoll has suffered immediate and irreparable harm by Flash Furniture's infringement of the '232 Patent, and will continue to suffer said injury unless and until Flash Furniture is enjoined from the infringing conduct.

22. Knoll further seeks damages no less than a reasonable royalty or all profits earned on the sales of Flash Furniture's infringing products.

23. Upon information and belief, Defendant Flash Furniture has knowingly, willfully, and deliberately infringed the '232 Patent in conscious disregard of Knoll's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

126636.00100/100433840v.3

## COUNT II – UNFAIR COMPETITION

24. Knoll hereby incorporates by reference all preceding paragraphs of this Complaint as though the same were set forth at length herein.

25. As a result of Flash Furniture's improper sale of the Hercules Series 770 Designer Chairs that are the subject of Knoll's '232 Patent, the furniture trade and the purchasing public are likely to buy Flash Furniture's products in the erroneous belief that they are authorized products of the design claimed in the '232 Patent or that the Hercules Series 770 Designer Chairs are otherwise associated with Knoll.

26. Upon information and belief, Flash Furniture has intentionally misappropriated the designs that are the subject of Knoll's '232 Patent with the intention of causing confusion, mistake and deception among consumers and the trade as to the source of the goods and/or with the intent to unfairly profit from Knoll's design and goodwill at Knoll's expense.

27. Flash Furniture's actions constitute unfair competition which have had and will continue to have a detrimental effect on both the general consuming public and Knoll.

28. Knoll has no adequate remedy at law, and is suffering irreparable harm, as well as damages caused by the wrongful acts of Flash Furniture.

## JURY DEMAND

29. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Knoll demands that the issues in this case be tried by a jury.

WHEREFORE, Plaintiff Knoll demands judgment in its favor and against Defendant Flash Furniture for:

 a. A permanent injunction enjoining Flash Furniture, its officers, directors, agents, and employees from further acts of infringement of U.S. Patent No. D638,232 S, and ordering Flash Furniture to recall and surrender for

      destruction all infringing products and to recall, destroy, and remove all items referencing, showing, advertising, or promoting said infringing products;

b.   An award of damages for Flash Furniture's infringement and unfair competition, together with interest and costs;

c.   An increase in the damages awarded to three times the actual damages pursuant to 35 U.S.C. § 284;

d.   An award of the reasonable expenses incurred in this action by Knoll, including attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285;

e.   An award of punitive damages; and

f.   All such other relief as this Court deems appropriate.

**BLANK ROME LLP**

By: _/s/ Jason A. Snyderman_
JASON A. SNYDERMAN
STEPHEN E. GROSS
MATTHEW A. HOMYK
One Logan Square
Philadelphia, PA 19103
Snyderman@blankrome.com
(215) 569-5500 – phone
(215) 832-5371 – fax

*Attorneys for Knoll, Inc.*

Dated: June 1, 2015

126636.00100/100433840v.3